## UNITED STATES v. W. T. RAWLEIGH CO.
### No. 546.

Circuit Court of Appeals, Tenth Circuit.
March 31, 1932.

Ralph L. Carr, U. S. Atty., and Charles E. Works, Asst. U. S. Atty., both of Denver, Colo., for appellant.

Before PHILLIPS and McDERMOTT, Circuit Judges, and KENNEDY, District Judge.

KENNEDY, District Judge.

This is a libel suit brought under the Food and Drugs Act, 21 USCA §§ 1 to 26 (Act of June 30, 1906, 34 Stats. 768). The libel was directed against certain misbranded drugs found in the possession of the appellee. An answer was filed in which various exceptions to the libel were set forth by the appellee in the court below, among which was the following: "Because it does not appear in and from the averments contained in the said Libel that a notice and preliminary hearing by the Department of Agriculture was afforded the claimant prior to the institution of the libel, pursuant to law in such cases made and provided."

At the hearing the court sustained said exception, overruled all others, and entered an order dismissing the libel and for a return of the property seized under the warrant. From such order of the District Court the government appeals.

Section 2 of title 21 prohibits the introduction of food or drugs in interstate commerce which are adulterated or misbranded within the scope of the act. Section 14 provides for the seizure of such specified food or drugs. Section 11 provides for the examination of specimens of food and drugs in the Bureau of Chemistry for the purpose of determining whether such articles are adulterated or misbranded, and that the Secretary of Agriculture shall give notice to the party from whom the sample was obtained in the event it is found that there is adulteration or misbranding; and further provides that any parties so notified shall be given an opportunity to be heard, upon which, if it appear that any of the provisions of the act have been violated by such party, then the Secretary of Agriculture shall certify the facts to the proper United States district attorney for appropriate action in the premises. Section 12 provides that it shall be the duty of each district attorney to whom the Secretary of Agriculture shall report any violation, or to whom any health or food or drug officer or agent of any state, territory, or the District of Columbia shall present satisfactory evidence of such violation, to cause appropriate proceedings to be commenced and prosecuted for the enforcement of the penalties in such case provided. Section 2 also provides that any one violating the act shall be guilty of a misdemeanor and subjected to certain fines or imprisonment; and section 14 contemplates proceeding against the offending articles through libel.

It does not appear from the record in this case as to how the possession or knowledge of the specimens of alleged misbranded drugs came to the District Attorney upon which the libel is based.

By the order of the trial court sustaining the exception of the appellee upon the ground that no notice had been given or opportunity to be heard under the provisions of section 11 as heretofore referred to, it was held that the libel could not be sustained, which raises the question as to whether or not such notice is necessary from a jurisdictional standpoint, and this is the sole point presented upon this appeal.

It appears that there had been a diversity of opinion upon this point among the District Courts and Circuit Courts of Appeals. The matter came to the attention of the Su-

preme Court in the case of United States v. Morgan, 222 U. S. 274, 32 S. Ct. 81, 56 L. Ed. 198, where some of the cases of the lower courts involving conflict of opinion are cited. In the Morgan Case the high court affirmatively holds that the notice indicated in section 11 is not jurisdictional. The gist of the decision is to the effect that, because under section 12 it is made the duty of the district attorney to institute appropriate proceedings for the enforcement of the penalties prescribed by the act when reports are made to him by the Secretary of Agriculture or by any health, food, or drug officer in any state or territory, which latter reports would manifestly not come through the Secretary of Agriculture, it should not be held that it was the intent of Congress that he should only prosecute where notice had been given in the event that the report had come from the Secretary of Agriculture, but could prosecute without notice where the report had come from the other sources indicated, and that for the reasons stated the preliminary notice could not be held as being a necessary preliminary step to prosecutions for violations of the act either by indictment or by libel. Additional reasons are indicated in the opinion which it will not be necessary here to further set forth. The proceeding in the cited case was in the nature of a criminal prosecution by indictment, while in the case at bar it is by libel, yet we see no distinction to be made in the rule by virtue of these circumstances. We are of the opinion that this decision of the Supreme Court rules this case.

For the reasons stated, the order of the trial court will be reversed, and the case remanded for appropriate action not inconsistent with this opinion, and it will be so ordered.